**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARGARET ELLEN PALOMBA, | ) | CASE NO. 5:25-cv-2258 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| UNION METAL INDUSTRIES | ) | |
| CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case. (Doc. No. 20 ("Joint Motion").) Because the Court finds that the settlement represents a fair resolution of plaintiff's claims under the Fair Labor Standards Act ("FLSA") and Ohio law, the joint motion is **GRANTED**, the settlement is **APPROVED**, and the case is **DISMISSED** with prejudice.

I.      **BACKGROUND**

Plaintiff Margaret Ellen Palomba ("Palomba") is a former employee of defendant Union Metal Industries Corporation ("Union Metal"). (Doc. No. 1 (Complaint) ¶ 1.) Palomba alleges that Union Metal willfully and unlawfully deducted 30-minute lunch breaks from her time worked, even though she did not take uninterrupted lunch breaks. (*Id.* ¶¶ 5–6.) Palomba asserts causes of action under: (i) the FLSA, 29 U.S.C. § 201 *et seq.*; and (ii) the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111 *et seq.* (*Id.* ¶ 15.)

On January 27, 2026, the Court conducted a telephonic case management conference with the parties during which the parties agreed to participate in a mediation before Magistrate Judge Amanda M. Knapp. (Minutes of Proceedings [non-document], 01/27/2026; *see* Doc. No. 15 (Referral Order).). An in-person mediation conference was conducted on March 3, 2026, during which the parties reached a settlement. (Doc. No. 19 (Minute Order).) On March 18, 2026, the parties submitted a joint motion for approval of settlement and stipulation of dismissal with prejudice. (Doc. No. 20.)

## II.     STANDARD OF REVIEW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 6-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA

requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at \*5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at \*3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at \*3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

## III.    DISCUSSION

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' filings confirm the same. (*Compare* Doc. No. 1 *with* Doc. No. 12 (First Amended Answer); Doc. No. 20, at 4.)[1] In particular, the parties disagreed as to whether Palomba took uninterrupted lunch breaks. (Doc. No. 20, at 2.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

With respect to the monetary awards, the settlement provides that Union Metal will pay Palomba a total of $37,500.00, of which $22,025.00 will be allocated to Palomba, and $15,475.00 will be allocated to plaintiff's counsel as attorney's fees and costs. (Doc. No. 20-1 (Settlement Agreement) ¶ 1.) The Court concludes that the award to Palomba is a fair and adequate compromise of the disputed claims. The settlement amount proposed in the joint motion exceeds what Palomba contends she was entitled to in unpaid overtime wages and liquidated damages. (Doc. No. 20, at 4.)

Additionally, the Court finds that the award of attorney's fees to Palomba's counsel is reasonable, taking into consideration the course of proceedings and the successful outcome providing relief to Palomba. An attorney's fee award must be reasonable such that it is "adequate to attract competent counsel" and avoids "produc[ing a] windfall[] to attorneys." *Reed,* 179 F.3d at 471 (citing *Blum,* 465 U.S. at 893). Here, the proposed $15,475.00 to be allocated to plaintiff's counsel constitutes 41.3% of the gross settlement amount. The value of the fees as a percentage of the total recovery in this case demonstrates the reasonableness of the attorney's fees award. This Court has previously found similar percentages to be reasonable. *See, e.g., Reitz v. Laurel Lake Ret. Cmty., Inc.*, No. 5:21-cv-2259, 2024 WL 1514549, at *2 (N.D. Ohio Apr. 8, 2024) (approving attorney's fees representing 48% of gross award); *White v. Stark Cnty. Veterans' Serv. Comm'n,*

4

No. 5:22-cv-1493, 2023 WL 7130799, at *3 n.2 (N.D. Ohio Oct. 30, 2023) (approving attorney's fees representing approximately 50% of gross award); *see also Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and a significant reduction in attorney's fees compared to the lodestar calculation).

Given the uncertainty and risks surrounding a possible trial, the certainty and finality that comes with settlement also weighs in favor of a ruling approving the agreement. Likewise, such a ruling promotes the public's interest in encouraging settlement of litigation. *See Crawford,* 2008 WL 4724499, at *9.

## IV.     CONCLUSION

For the foregoing reasons, the Court **APPROVES** the parties' joint motion for approval of settlement. (Doc. No. 20.) The claims in plaintiff's complaint are **DISMISSED** with prejudice, and this case is **CLOSED**. The Court retains jurisdiction over this action to enforce the terms of the settlement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

**IT IS SO ORDERED**.

Dated: March 19, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**